SOUTHWICK, J.,
dissenting
¶ 12. With deference to the majority and to the court below, I find that the trial court abused its discretion in rejecting the guilty plea because Epting would not admit to wilful involvement in the offense. Epting wished to plead guilty because he made an informed, voluntary decision that the jury would likely infer knowing participation in the crime. The trial court itself later advised the jury they could make that inference based on the same facts that Epting admitted in his plea. I dissent.
¶ 13. The starting point for determining the obligation of the trial court is the court *490 rule that structures the taking of guilty pleas:
3. Voluntariness.
Before the trial court may accept a plea of guilty, the court must determine that the plea is voluntarily and intelligently made and that there is a factual basis for the plea.
[[Image here]]
4. Advice to the Defendant.
When the defendant is arraigned and wishes to plead guilty to the offense charged, it is the duty of the trial court to address the defendant personally and to inquire and determine:
a. that the accused is competent to understand the nature of the charge;
b. that the accused understands the nature and consequences of the plea ...;
c. that the accused understands that by pleading guilty [that he is waiving the rights to a trial].
U.C.C.C.R. 8.04 A. The trial court followed this procedure but was unsatisfied with the answers.
¶ 14. My reading of the court’s questioning and Epting’s response does not indicate that the defendant’s plea was involuntary or that there was not a factual basis for it. Those two grounds are the ones upon which the trial court’s discretion can be exercised. The assistant district attorney explained in open court what the State would attempt to prove and by whose testimony. When the assistant district attorney finished his review of the evidence, the Court asked Epting “Do you disagree with anything he said?” The answer was “No, sir.” Then the Court asked if he wished to add anything, and the answer was “not that it makes any difference, but it wasn’t a knowing action.” He elaborated in brief answers to further questions that he did not know someone else was going to start shooting. He admitted that the gun that was used was his gun, and that he always kept it in the automobile. When the shooting was over, he took everyone else in the vehicle home. The questions then continued this way:
THE COURT: Did you participate in the commission of this crime?
EPTING: Sir I really — I honestly don’t know how to answer that because I was driving the car. I was driving the car.
THE COURT: Well, unless you answer yes, I can’t take your plea ...
[A request by defense counsel to talk with Epting was granted; then the inquiry resumed.]
EPTING: I do admit to driving the car— the vehicle when this crime took place, but I honestly had no malicious intent.
THE COURT: Well, that doesn’t matter.
EPTING: I know.
THE COURT: If you knew it was going on and you participated in it, then under the law, you are just as — if the evidence proved you guilty, then you would be sentenced just as if you pulled the trigger and shot at them.
EPTING: I understand.
THE COURT: Now, if that’s the way Mr. Webb explained it, that’s the theory of the State’s case that you were an accessory before the fact, which means that you participated in the crime and helped it be committed by driving the ear, and if you say you did that, then I will further consider accepting your guilty plea. If you tell me that you did not, then I will not give it anymore consideration, and we’ll commence the trial. So, did you participate as an accessory before the fact to the commission of the crime as I’ve explained it to you?
EPTING: I was driving the car, sir.
THE COURT: Well, that doesn’t answer my question. Okay. Let’s go try the case.
The Court later explained in the hearing on the Motion for New Trial why he rejected the plea.
Maintaining his innocence and pleading guilty under the recognition of likelihood of conviction is in a sense a form of coercion. ... And acceptance of a guilty plea is discretionary with the court as the law in our state currently stands, and if the trial judge who’s listening doesn’t feel like its a free and voluntarily made [plea] or made for some reason other than admitting guilt, *491 then I think the judge is free to refuse to accept it....
Thus the trial court was imposing an obligation that Defendant confess to each element of the offense before the plea could be considered voluntary or to have a factual basis. It is necessary, in other words, for the defendant to say that he is guilty before the plea can be accepted. On the other hand, if the court believes that the plea is being offered, as quoted above, “for some reason other than admitting guilt, then ... the judge is free to refuse to accept it.”
¶ 15. Ironically, the trial court rejected the plea because the court found that it was being offered due to Epting’s fear that at trial he would not be able to convince the jury of his innocence and would receive a higher sentence at that time. That is exactly what happened after the trial court rejected the plea. Had the trial judge accepted his guilty plea, then apparently he would have been sentenced under the district attorney’s offer of five years with four years suspended. Instead, Epting was tried, convicted, and sentenced to a term of five years in prison. What the majority holds is that a reasonable analysis of risks, much less an accurate analysis as proved the case here, is not a basis to permit a defendant to plead guilty.
¶ 16. I disagree. First, the trial court did not make an adequate voluntariness inquiry. The question that led the court to reject the plea asked for a legal conclusion of whether the defendant was an accessory before the fact. In the question the court explained that being an accessory before the fact “means that you participated in the crime and helped it be committed by driving the car, and if you say you did that, then I will further accept your guilty plea.” When the Judge gave the defendant a chance to answer, it was to the specific question “did you participate as an accessory before the fact ... as I have explained it to you?” The defendant’s answer was “I was driving the car, sir,” which in my view is exactly what the court has just told him was required for him to be an accessory. That was apparently not the answer the Judge wanted, and he ordered the trial to be held. To the contrary, I find that Epting agreed that he was an accessory.
¶ 17. Second, though there is discretion on the part of the Court, it must be “sound judicial discretion.” Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). Under the rules approved by the supreme court, I find that the discretion to reject the plea can be exercised only within the limits of a determination that the plea is involuntarily, non-intelligently made, or that there is no factual basis. U.C.C.C.R. 8.04 A3. Even though the trial judge stated that the plea was “involuntary” because he saw it as coerced, I find that the key actually is the meaning of the phrase “factual basis.”
¶ 18. Very similar language is in Federal Rule of Criminal Procedure 11. For that rule it has been said that “[a]ll that is required is that the court be satisfied that there is a factual basis for the plea, and not necessarily that the defendant is guilty .” I CHARLES ALAN WRIGHT, FEDERAL PRACTICE AND PROCEDURE, Section 174 at 616 (1982). A “factual basis” arises from the likelihood that the State can put on evidence sufficient to go to the jury on each element of the offense. The defendant may not agree that each necessary fact occurred, but the basis still can exist.
¶ 19. Here the question was whether Ept-ing “wilfully, unlawfully and feloniously aid[ed]” another in committing a drive-by shooting. Wilfulness is a matter that can be presumed from action. Epting’s actions would have allowed a jury to so infer. The court instructed the jury that it was “permitted to draw such reasonable inferences from the evidence as seems justified in the light of your own experience.” That is exactly what the jury ultimately did infer.
¶ 20. The trial judge required too much in insisting on an admission of guilt. That is not part of the rule for taking of pleas and is not required by any case law that has been discovered. A court has discretion to reject a plea, but under Rule 8.04 that can only occur if the court finds that the plea is involuntary or is not supported by a factual basis. Nothing in what Epting said during the hearing on the plea fit that description. I would hold that a plea cannot be rejected *492 solely because it arises from a defendant’s fear of worse consequences if he insists on a trial. It must be voluntary, and the testimony as far as it had gotten did not indicate otherwise. There must be a factual basis, and the assistant district attorney showed that there was a substantial factual basis.
¶21. Significantly, our affirming Epting’s conviction also makes the factual basis point.
¶ 22. I would reverse and remand for the proceedings necessary to enter the guilty plea.
McMILLIN, P.J., and COLEMAN and PAYNE,JJ., join this separate opinion.